STATE of Maine

v.

**Leo R. LAVIGNE.**

Supreme Judicial Court of Maine.

Argued March 27, 1995.

Decided June 19, 1995.

David Gregory (orally), Office of Dist. Atty., Alfred, for the State.

Francis Rice (orally), Yarmouth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

Leo R. Lavigne appeals from orders of the Superior Court (York County, *Crowley, J.*) denying his motions for the appointment of counsel and for the waiver of fines imposed as part of his sentences for receiving stolen property and for drug trafficking. On motion of the State, we dismiss the appeal as moot.

In May 1990 Lavigne received several concurrent prison sentences, and fines and surcharges totaling $14,850. Thereafter he was sentenced on drug charges in the United States District Court. In June 1993, while Lavigne was in a federal prison, the State filed a motion pursuant to 17–A M.R.S.A. § 1304(1) (Supp.1994) for an order to show cause why he should not be committed for nonpayment of the fines. When Lavigne failed to appear, the court issued a warrant for his arrest. In April 1994 Lavigne filed a motion for the appointment of counsel, and in May 1994 he filed a motion for the waiver of fines imposed on him. Lavigne alleged that he was denied certain privileges in the federal prison as a result of the warrant. Following the denial of each of Lavigne's motions without any hearing, he filed notices of appeal and obtained leave to proceed *in forma pauperis.* Counsel was appointed to represent Lavigne on appeal.

At oral argument and subsequently by formal motion to dismiss the appeal, we were informed by the State that, on Lavigne's motion, the Superior Court had vacated the arrest warrant and ordered that any detainer be withdrawn. The State asserts that the court's action removed any adverse effect on Lavigne's status as a federal prisoner. The State concedes that Lavigne will be entitled to assistance of counsel on the issue of the unpaid fines when he is released from federal custody. Because we accept the State's assertions, and because the provisional denial of Lavigne's motions will not impair his future ability to obtain counsel and pursue his motion for the waiver of the fines, our review

of the orders challenged in Lavigne's appeal would serve no useful purpose.

The entry is:

Appeal dismissed.

All concurring.